¶ 89. SHIRLEY S. ABRAHAMSON, J. (concurring). The court's opinion is a very narrow decision limited to the facts of the case and the issues the defendant raised. ¶ 90. This case does not decide a facial or as-applied challenge to the disorderly conduct statute, Wis. Stat. § 947.01. Breitzman made no such challenge. ¶ 91. Additionally, in this court, Breitzman does not challenge the sufficiency of the evidence supporting the conviction; Breitzman accepts the jury's finding that her profane conduct tended to cause or provoke a disturbance within the meaning of the statute. ¶[ 92. The claim in the instant case is ineffective assistance of counsel. Breitzman claims that trial counsel was ineffective because counsel failed to raise a First Amendment defense to Breitzman's disorderly conduct charge. ¶ 93. The majority opinion holds against Breitz-man on this claim, relying on the "unsettled law" rubric. The majority opinion asserts that defense counsel was not ineffective because "whether profane conduct that tends to cause or provoke a disturbance is protected as free speech is unsettled law." Majority op., ¶ 7. ¶ 94. I write to make two points: (1) Nothing in the majority opinion should be read as commenting on the merits of the underlying First Amendment defense; and (2) The "unsettled law" doctrine guiding the determination of ineffective assistance of counsel is not sufficiently protective of a defendant's constitutional and statutory rights to effective counsel. f 95. The bench and bar should be working for a better standard for determining the adequacy of representation. ¶ 96. I write further on a different topic, namely, my practice in participating or not participating in a case depending on my participation in various aspects of the decision-making process. I write on this topic in the instant case in which I am participating because a majority of the court insists that a justice who does not participate in a case merely state on the court record the fact of non-participation or withdrawal from participation and not state grounds for non-participation. ¶ 97. Lawyers and litigants should know that it is my practice not to participate in a decision when I do not fully participate in every stage of the decision-making process. Thus, for example, if I were present at oral argument but did not participate in the decision conference, I would be shown as not participating in the decision. ¶ 98. For the reasons set forth, I write separately.